IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHINOOK LICENSING DE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STUMBLEUPON, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 13-2079-LPS <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

### DEFENDANT STUMBLEUPON, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

Defendant StumbleUpon, Inc. ("StumbleUpon" or Defendant"), by its undersigned counsel, hereby answers plaintiff Chinook Licensing DE, LLC's ("Chinook" or "Plaintiff") Complaint ("Complaint") as follows:

### NATURE OF THE ACTION

1. Defendant admits that the Complaint purports to state a claim for an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. Defendant denies the remaining allegations in paragraph 1.

### THE PARTIES

2. StumbleUpon is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3. StumbleUpon admits that it is a Delaware corporation with a principal place of business at 301 Brannan Street, San Francisco, California 94107 and that its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. StumbleUpon denies each and every allegation of paragraph 4.

## JURISDICTION AND VENUE

5. StumbleUpon admits that the complaint purports to state a claim for patent infringement and that the court has federal subject matter jurisdiction over claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). StumbleUpon denies the remaining allegations in paragraph 5.

6. StumbleUpon does not contest personal jurisdiction in this action. StumbleUpon denies the remaining allegations of paragraph 6.

7. StumbleUpon does not contest personal jurisdiction in this action. StumbleUpon is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7, and therefore denies them.

8. StumbleUpon admits that users of its service reside within the state of Delaware. StumbleUpon denies the remaining allegations in paragraph 8.

9. StumbleUpon denies each and every allegation in paragraph 9.

10. StumbleUpon denies that this District is the proper venue for plaintiff's claims against it. StumbleUpon denies the remaining allegations of paragraph 10.

## THE PATENT-IN-SUIT

11. StumbleUpon admits that the patent asserted by Plaintiff in this action is United States Patent No. 7,047,482 (the "'482 Patent").

12. StumbleUpon admits that the '482 patent on its face, bears an issue date of May 16, 2006 and is titled "Automatic directory supplementation." StumbleUpon denies that the '482 patent is valid and enforceable. StumbleUpon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies them.

13. StumbleUpon admits that the '482 patent on its face contains three independent claims and seventeen dependent claims. StumbleUpon denies the remaining allegations of paragraph 13.

14. StumbleUpon admits that users are able to discover web content using its service. StumbleUpon denies the remaining allegations of paragraph 14.

15. StumbleUpon denies the allegations of paragraph 15.

16. StumbleUpon denies the allegations of paragraph 16.

**COUNT 1: PURPORTED INFRINGEMENT OF THE '482 PATENT**

17. StumbleUpon incorporates by reference its responses to paragraphs 1-16 of the Complaint as if fully set forth herein.

18. StumbleUpon denies each and every allegation in paragraph 18.

19. StumbleUpon denies each and every allegation in paragraph 19.

20. StumbleUpon denies each and every allegation in paragraph 20.

21. StumbleUpon denies each and every allegation in paragraph 21.

22. StumbleUpon denies each and every allegation in paragraph 22.

23. StumbleUpon denies each and every allegation in paragraph 23.

24. StumbleUpon denies each and every allegation in paragraph 24.

25. StumbleUpon denies each and every allegation in paragraph 25.

26. StumbleUpon denies each and every allegation in paragraph 26.

**JURY DEMAND**

27. StumbleUpon admits that Plaintiff demands a jury.

**PRAYER FOR RELIEF**

28. StumbleUpon denies that Chinook is entitled to the relief requested or to any relief whatsoever, and specifically denies each and every allegation and prayer for relief contained in paragraphs (A) through (F) of Chinook's prayer for relief.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**
**(FAILURE TO STATE A CLAIM)**

29. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(NON-INFRINGEMENT)**

30. StumbleUpon has not infringed, and currently does not infringe and is not liable for any infringement, whether direct or indirect, or otherwise, of any claim in the '482 patent.

**THIRD DEFENSE**
**(INVALIDITY)**

31. The '482 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112, at least because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the patent applications; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description; or does not claim what the applicant regards as is invention; or does not disclose the best mode of the invention.

## FOURTH DEFENSE
## (LACHES)

32. The doctrine of laches bars Plaintiff from obtaining all, or part, of the relief it seeks because Plaintiff (or their affiliates or predecessors) knew or should have known of StumbleUpon's allegedly infringing activity, Plaintiff (or its affiliates or predecessors) unreasonably delayed filing a claim against StumbleUpon, and StumbleUpon has been prejudiced thereby.

## FIFTH DEFENSE
## (LIMITATION ON DAMAGES)

33. Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 286, and by 35 U.S.C. § 287 and/or Plaintiff's failure to plead notice thereunder.

## SIXTH DEFENSE
## (WILLFULNESS)

34. Plaintiff is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to set forth facts alleging the type of conduct required by *In Re Seagate Tech.*, 497 F.3d 1360 (Fed Cir. 2007) which is a prerequisite for both a finding of willfulness and an award of enhanced damages.

## SEVENTH DEFENSE
## (WAIVER/ACQUIESCENCE/UNCLEAN HANDS)

35. Plaintiff's suit is barred or its claim for recovery is limited under the doctrines of waver, acquiescence, estoppel, implied license, and/or unclean hands.

## EIGHTH DEFENSE
## (NO INJUNCTIVE RELIEF)

36. Plaintiff is not entitled to injunctive relief because the alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## NINTH DEFENSE
### (COSTS BARRED IN ACTION FOR INFRINGEMENT OF A PATENT CONTAINING AN INVALID CLAIM)

37. Plaintiff's claim for recovery of costs is barred for failure to comply with the requirements of § 35 U.S.C. 288.

### ADDITIONAL DEFENSES RESERVED

38. StumbleUpon reserves any and all additional affirmative and other defenses available to it under Title 35, U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

### COUNTERCLAIMS

Defendant/Counterclaimant StumbleUpon asserts counterclaims against Plaintiff/Counterdefendant Chinook as follows:

### THE PARTIES

1. Defendant/Counterclaimant StumbleUpon is a Delaware corporation with a principal place of business at 301 Brannan Street, San Francisco, California 94107.

2. Upon information and belief, Plaintiff/Counterdefendant Chinook is a Delaware limited liability company with a place of business at 320 Wilmette Avenue, Glenview, Illinois 60025.

### JURISDICTION

3. Defendant/Counterclaimant counterclaims against Chinook pursuant to the patent laws of the United States, Title 35 of the United States Code, and laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2201, and Federal Rule of Civil Procedure 13.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5. This Court has personal jurisdiction over Chinook by virtue, *inter alia,* of its filing of a complaint against Defendants in this Court.

6. By virtue of the allegations of Chinook's complaint in this action and StumbleUpon's answer thereto, an actual controversy exists between Chinook and StumbleUpon as to whether the '482 patent is invalid and/or not infringed by StumbleUpon.

**FIRST COUNTERCLAIM FOR RELIEF**
**(Declaration of Non-Infringement of the '482 Patent)**

7. StumbleUpon restates and incorporate by reference each of the allegations of paragraphs 1 through 6 of its Counterclaims.

8. Chinook claims to be the owner of U.S. Patent No. 7,047,482 (the "'482 patent").

9. Chinook in this action alleges infringement of the '482 Patent by StumbleUpon.

10. StumbleUpon is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '482 patent, and Chinook is entitled to no relief for any claim in the Complaint for, *inter alia*, the reasons in paragraphs 1 through 40 of this Answer.

11. Absent a declaration of non-infringement of the '482 patent, Chinook will continue to assert the '482 patent against StumbleUpon and will in this way cause damage to StumbleUpon.

12. StumbleUpon seeks a declaration that it has not infringed and does not infringe the '482 patent and that it is not otherwise liable as an infringer.

**SECOND COUNTERCLAIM FOR RELIEF**
**(Declaration of Invalidity of the '482 Patent)**

13. StumbleUpon restates and incorporates by reference each of the allegations of paragraphs 1 through 12 of its Counterclaims.

14. Chinook claims to be the owner of U.S. Patent No. 7,047,482.

15. Chinook in this action alleges infringement of the '482 patent by Chinook.

16. The '482 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112, at least because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the patent applications; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description; or does not claim what the applicant regards as is invention; or does not disclose the best mode of the invention.

17. Absent a declaration of invalidity of the '482 patent, Chinook will continue to assert the '482 patent against StumbleUpon and will in this way cause damage to StumbleUpon.

18. StumbleUpon seeks a declaration that the claims of the '482 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

### PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant StumbleUpon prays for judgment with respect to Chinook's Complaint, Defendant's Defenses and the above Counterclaims as follows:

   a) that Chinook's complaint be dismissed with prejudice and that the relief requested by Chinook and any relief whatsoever in favor of Chinook be denied;

b) for entry of judgment declaring that the claims of the '482 patent are not infringed by Defendant/Counterclaimant and that Defendant/Counterclaimant is not liable as an infringer;

c) for entry of judgment declaring that the claims of the '482 patent is invalid;

d) that the case be declared exceptional and that Defendant/Counterclaimant be awarded its attorneys' fees; and

e) that Defendant/Counterclaimant has such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Defendant/Counterclaimant hereby requests a trial by jury of all issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Darren E. Donnelly
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Tel:  (650) 988-8500

Jennifer J. Johnson
FENWICK & WEST LLP
555 California Street, Floor 12
San Francisco, CA 94104
Tel:  (415) 875-2300

Dated:  April 4, 2014
1145799 / 41214

By: */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant StumbleUpon, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 4, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 4, 2014, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard D. Kirk<br>Stephen B. Brauerman<br>Vanessa R. Tiradentes<br>Sara E. Bussiere<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com<br>sbussiere@bayardlaw.com | Eugenio Torres-Oyola<br>Cristina Arenas-Solis<br>Ferraiuoli LLC<br>221 Plaza 5th Floor<br>221 Ponce de León Ave,<br>San Juan, Puerto Rico  00917<br>etorres@ferraiuoli.com<br>carenas@ferraiuoli.com |

 By: */s/ Richard L. Horwitz*
 Richard L. Horwitz
 David E. Moore
 Bindu A. Palapura
 POTTER ANDERSON & CORROON LLP
 Tel:  (302) 984-6000
 rhorwitz@potteranderson.com
 dmoore@potteranderson.com
 bpalapura@potteranderson.com

1140951/41214