IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHINOOK LICENSING DE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>STUMBLEUPON, INC.,<br><br>    Defendant. | C.A. No. 13-2079 (LPS) |

**PLAINTIFF CHINOOK LICENSING DE, LLC'S
REPLY TO DEFENDANT STUMBLEUPON, INC.'S COUNTERCLAIMS**

Plaintiff and Counter-Defendant Chinook Licensing DE, LLC ("Chinook" or "Plaintiff") for its Reply to Defendant Stumbleupon, Inc.'s ("Stumbleupon") Answer to Complaint for Patent Infringement and Counterclaims (D.I. 9), incorporates by reference as if fully set forth herein each of the allegations, assertions, statements of facts and/or denials contained in the Complaint for Patent Infringement (D.I. 1), and further alleges as follows:

**THE PARTIES**

1. Upon information and belief, Chinook admits that Stumbleupon is a Delaware corporation with its principal place of business in San Francisco, California.

2. Admitted.

**JURISDICTION**

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## FIRST COUNTERCLAIM FOR RELIEF
**(Declaration of Non-Infringement of the '482 Patent)**

7. Chinook reasserts, restates, and incorporates by reference its answers to the previous paragraphs of Defendant's Counterclaim as set forth fully herein. To the extent that Paragraph 7 is deemed to require an additional response, Chinook denies the allegations of Paragraph 7 of the Counterclaim.

8. Admitted.

9. Admitted.

10. Denied.

11. Chinook admits that it will maintain its claim of infringement against Stumbleupon. Chinook denies any and all remaining allegations in Paragraph 11.

12. Chinook admits that Stumbleupon seeks a judicial declaration that it does not infringe the '482 Patent. Chinook denies that such relief is warranted.

## SECOND COUNTERCLAIM FOR RELIEF
**(Declaration of Invalidity of the '482 Patent)**

13. Chinook reasserts, restates, and incorporates by reference its answers to the previous paragraphs of Defendant's Counterclaim as set forth fully herein. To the extent that Paragraph 13 is deemed to require an additional response, Chinook denies the allegations of Paragraph 13 of the Counterclaim.

14. Admitted.

15. Admitted.

16. As the claims of the '482 Patent are presumed valid and Defendant has not set forth any facts in its Counterclaim to state a claim of invalidity that is plausible on its face, Chinook denies Paragraph 16.

17. Chinook admits that it will maintain its claim of infringement against Stumbleupon. Chinook denies any and all remaining allegations in Paragraph 17.

18. Chinook admits that Stumbleupon seeks a judicial declaration that the '482 Patent is invalid. Chinook denies that such relief is warranted.

## RESPONSE TO PRAYER FOR RELIEF

Chinook denies that Stumbleupon is entitled to any of the relief requested in its Counterclaims and denies all of the allegations contained in Paragraphs a) – e) of Stumbleupon's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Chinook alleges and asserts the following defenses in response to the allegations set forth in Stumbleupon's Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses and affirmative defenses listed below, Chinook reserves the right to amend its Answer to Stumbleupon's Counterclaim to add additional Affirmative Defenses, including instances, consistent with the facts discovered in the case:

## FIRST DEFENSE

1. Stumbleupon's Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted, as no factual allegations have been pleaded in support of Stumbleupon's claims under Federal Rule of Civil Procedure 8. Specifically, Stumbleupon has failed to allege any facts that would support a finding of non-infringement, invalidity, or unenforceability of any claim of the '482 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Chinook prays for judgment against Stumbleupon as follows:

A. For judgment dismissing the counterclaim with prejudice;

B. For a declaration that this is an exceptional case, and an award to Chinook of its costs and attorneys' fees incurred herein;

C. An award of the costs of this action; and

D. That Chinook be awarded such other and further relief as the Court may deem just and proper, including all relief requested in Chinook's Complaint.

| | |
|---|---|
| Dated: April 28, 2014 | BAYARD, P.A. |
| OF COUNSEL: | */s/ Stephen B. Brauerman*<br>Richard D. Kirk (#922) |
| Eugenio J. Torres-Oyola<br>Ferraiuoli LLC<br>221 Plaza, 5th Floor<br>221 Ponce de León Avenue<br>San Juan, PR 00917<br>(787) 766-7000<br>etorres@ferraiuoli.com | Stephen B. Brauerman (#4952)<br>Vanessa R. Tiradentes (#5398)<br>Sara E. Bussiere (#5725)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com<br>sbussiere@bayarlaw.com<br><br>*Attorneys for Plaintiff Chinook Licensing DE, LLC* |